# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:21-CR-00154-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ELIES CHARLES (01)** | **MAGISTRATE JUDGE DAVID J. AYO** |

## RULING AND REASONS

Before the Court is a "Motion to Dismiss Counts 1, 3 and 4" (Doc. 56) filed by Defendant, Elies Charles. Charles moves to dismiss: Count 1 Possession of a Firearm by a Prohibited Person, 18 U.S.C. § 922(g)(1); Count 3 Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c); and Count 4 Possession of a Firearm by a Prohibited Person, U.S.C. § 922(g)(1). Charles argues that all of the foregoing counts violate the Second Amendment to the United States Constitution by infringing on his right to keep and bear arms.

In a nutshell, Charles maintains that Title 18, U.S.C. § 922(g)(1) and 924(c) are unconstitutional because the Second Amendment's plain text covers firearms(s) possession and the government cannot demonstrate that the restriction is consistent with the Nation's historical tradition of firearms regulation. The Second Amendment to the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the rights of the people to keep and bear Arms, shall not be infringed." However, the right secured by the Second Amendment, like most rights, is not unlimited. *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).

Charles relies on a recent ruling, *United States v. Jessie Bullock*, 2023 WL 4232309 (S.D. Miss. June 28, 2023), wherein District Judge J. Reeves held that federal felon-in-possession law was unconstitutional as applied to defendant. *Bullock* is not binding on this Court.  See *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022).

In *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S.Ct. 2111 (2022), the Supreme Court held that "the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129-30. The Government argues that *Bruen* did not call into question felon dispossession statutes like Section 922(g)(1) and is therefore inapplicable in this case. And, even if *Bruen* did apply, Section 922(g)(1) would satisfy its historical analogy test. *Bruen* concerned firearm regulations aimed at "law abiding citizens" and not Section 922(g)(1) whose elements limit itself to regulating non-law-abiding citizens.

The United States Court of Appeals for the Fifth Circuit has routinely upheld Section 922(g)(1) and found it "does not violate the Second Amendment." *United States v. Darrington*, 351 F.3d 632, 634 (5th Cir. 2003); *see also United States v. Anderson*, 559 F.3d 348, 352 (5th Cir. 2009) (reaffirming *Darrington* post-*Heller*).

In *Heller*, the Supreme Court held that the Second Amendment protects the right of "law-abiding, responsible citizens" to keep firearms in their homes for self-defense. 554 U.S. at 635. *Heller* also clarified that "nothing in [its] opinion should be taken to cast doubt" on certain "presumptively lawful regulatory measures," such as "longstanding prohibitions on the possession of firearms by felons." *Id.* at 626-27 & n.26.

*Bruen* also held that the Second Amendment protects the right of "ordinary, law-abiding citizens" to "carry a handgun for self-defense outside the home." 142 S.Ct. at 2122. *Bruen* did not overturn "longstanding prohibitions" like "possession of firearms by felons,". See e.g., *United States v. Roy*, No. 22-10677, 2023 WL 3073266, at *1 (5th Cir. Apr. 25, 2023) (rejecting post-*Bruen* challenge to the constitutionality of Section 922(g)(1) on plain error review); *United States v. Hickcox*, No. 22-50365, 2023 WL 3075054, at *1 (5th Cir. Apr. 25, 2023) (same).

Even so, Section 922(g)(1) satisfies *Bruen's* historical analogy test. The Second Amendment's plain text and historical context indicates that felons can be constitutionally disarmed. This Nation's historical tradition confirms that felons can be dispossess of firearms. For example, see *Medina v. Whitaker*, 913 F.3d 152, 160 (D.C. Cir. 2019) wherein the Court explained that "[t]he commission of a felony often results in the lifelong forfeiture of a number of rights" tied to membership within the political community, including "the right to serve on a jury and the fundamental right to vote." To be sure, the court in *Heller* explained that the right secured by the Second Amendment is not unlimited, and is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Heller,* 554 U.S.at 626.

Additionally, *Heller* defined the right to bear arms as belonging to "law-abiding, responsible" citizens, *Heller*, 554 U.S. at 635, a category which clearly excludes felons. *See United States v. Hernandez*, No 3:23-CR-0056-B, 2023 WL 4161203, at *6 (N.D. Tex. June 23, 2023) (citing *Medina*, 913 F.3d at 158 (quoting *Hamilton v. Pallozzi*, 848 F.3d 614, 626 (4th Cir. 2017)), and noting that "[f]elonies remain the most serious category of crime and reflect a 'grave misjudgment and maladjustment'"). *Bruen* echoed that definition, stating no

fewer than fourteen (14) times that the Second Amendment protects the rights of "law-abiding" citizens." 142 S. Ct. at 2122, 2125, 2131, 2133, 2134, 2138, 2150, 2156.

Furthermore, the Nation's historical tradition also confirms that felons can be dispossessed of firearms. Specifically, two types of historical laws support Section 922(g)(1)'s constitutionality: (1) laws authorizing capital punishment and estate forfeiture for felons, and (2) laws disarming those deemed untrustworthy based on lack of adherence to the rule of law. The Government has provided a plethora of examples of historical laws that provide an analogy to felon disarmament, this is, laws that "categorically disqualified people from possessing firearms based on a judgment that certain individuals were untrustworthy parties to the nation's social compact." *Range v. Attorney General*, 53 F.4th 262, 274 (3d Cir. 2022). These examples clearly demonstrate that colonial legislatures "had the power and discretion to use status as a basis for disarmament" even of non-violent groups. *Range*, 53 F.4th at 276 n. 18.

Additionally, the Government provides historical statutes that demonstrate Section 922(g)(1)'s constitutionality. These historical laws purposed to punish felons, deter re-offending, and more significantly, protect society. Section 922(g)(1) protects society from gun violence committed by felons and is consistent with the nation's historical tradition of firearm regulation that felons can be dispossessed of firearms.

Defendant also moves to dismiss Court three: possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). Section 924(c) imposes penalties on "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A).

Again, *Bruen's* threshold question is whether "the Second Amendment's plain text covers an individual's conduct." 142 S.Ct. at 2129–30. The Government argues that because gun-toting while dealing drugs or committing violent crimes does not fall within the scope of the Second Amendment's plain text, Defendant cannot show that § 924(c) burdens a constitutional right. And, even if it could § 924(c) would still be constitutional because it squares with the nation's historical tradition of prohibiting the use of firearms for unlawful purposes.

As previously noted, the Supreme Court has repeatedly emphasized that the Second Amendment right is tied to firearm possession and use for lawful purposes by law-abiding citizens. See e.g., *Heller,* 554 U.S. at 625 "[T]he Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes[.]"; *id.* at 620; see also *McDonald*, 561 U.S. at 780 ("[T]he Second Amendment protects a personal right to keep and bear arms for lawful purposes[.]").

In the wake of *Heller* and *McDonald*, circuit courts have consistently rejected Second Amendment challenges to § 924(c), recognizing that the Second Amendment's protections do not extend to gun use to advance or facilitate criminal conduct. See, e.g., *United States v. Jackson*, 555 F.3d 635, 636 (7th Cir. 2009) ("The Constitution does not give anyone the right to be armed while committing a felony[.]"); *United States v. Potter*, 630 F.3d 1260, 1261 (9th Cir. 2011) ("We join the Seventh Circuit in holding that § 924(c) is constitutional under the Second Amendment); *United States v. Bryant*, 711 F.3d 364, 370 2d 2013); *United States v. Napolitan*, 762 F.3d 297, 311 (3d Cir. 2014).

The Government correctly notes that constitutional rights do not extend to furthering criminal conduct. See *Virginia v. Black,* 538 U.S. 343, 359 (2003); *Int'l Bd. Of Elec.*

*Workers, Loc. 501, A.F. of L. v. N.L.R.B.*, 341 U.S. 694, 705 (1951); *United States v. Lookretis*, 422 F.2d 647, 651 (7th Cir. 1970); *United States v. Baker*, 373 F.2d 28 (6th Cir. 1967).

## CONCLUSION

For the reasons explained herein, the Court finds that 18 U.S.C. § 922(g)(1) and 924(c) are constitutional because the Second Amendment's plain text and historical context indicates that felons can be constitutionally disarmed, and the government has demonstrated that the restriction is consistent with the Nation's historical tradition of firearms regulation. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss counts 1, 3 and 4 (Doc. 56): Count 1 Possession of a Firearm by a Prohibited Person, 18 U.S.C. § 922(g)(1); Count 3 Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c); and Count 4 Possession of a Firearm by a Prohibited Person, U.S.C. § 922(g)(1) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 28th day of September, 2023.

*[signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**